UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDDIQQUII MOHHOMMED
aka HERMAN L. DIXON,

      Petitioner,

v.

CASE NO. 2:06-CV-10129
HONORABLE DENISE PAGE HOOD

PETER DEEGAN, et al.,

      Respondents.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**I.**   **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, currently on parole with the Michigan Department of Corrections, appears to be challenging an extension of his time on parole which arose from parole violation charges in September, 2005. Petitioner's current parole expiration date is March 9, 2006. Petitioner filed a state habeas petition in the St. Clair County Circuit Court regarding this issues, which was dismissed on November 22, 2005, but has not filed any further pleadings in the Michigan appellate courts.

**II.**   **Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,*

1

17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. The record before this Court indicates that Petitioner has not attempted to appeal the state circuit court's decision in the Michigan appellate courts. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: January 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

2